UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OSBORN METALS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-cv-9610 (WHP)(KNF) |
| | ) | |
| YELLOW TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

For its answer and affirmative defenses to the Complaint of plaintiff Osborn Metals Limited ("Osborn"), defendant Yellow Transportation, Inc. ("Yellow") states and alleges as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

Yellow admits that Royal & Sunalliance filed a claim on behalf of its insured, plaintiff Osborn, for goods transported under Yellow Freight Bill No. 209-123507 and that the claim was assigned Yellow Claim No. 790454-E. Yellow denies any remaining allegations in the Complaint and any liability for the alleged damage to the cargo at issue in this lawsuit.

**WHEREFORE**, for the reasons set forth above, defendant Yellow requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, defendant Yellow states as follows:

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   Any damages that plaintiff may have suffered, which are expressly denied, were directly caused by or contributed to by plaintiff and plaintiff should therefore be barred from recovery.

3.   If plaintiff suffered any damages, which are expressly denied, the negligence or fault of non-joined parties must be compared, which bars or diminishes plaintiff's right to recover herein.

4.   Yellow met all of its obligations under all agreements.

5.   Yellow acted reasonably under the circumstances of this case.

6.   Delivery of the shipment at issue was signed for as complete and without damage.

7.   Whatever shipment Yellow received for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Yellow's effective rates, rules, classifications and tariffs, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage for the transportation of said shipment and define the responsibilities of Yellow in this matter. Yellow duly performed all of the terms and conditions thereunder which it was required to perform.

8.   Yellow's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the Bill of Lading and Yellow's rates, rules, classifications and tariffs governing the subject shipment.

9.   Under the Bill of Lading contract, Yellow is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent

vice of the article, improper labeling, or improper packaging, packing or loading of the shipment by the shipper.

10. The Bill of Lading contract and Yellow's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in its Complaint constitute special damages, Yellow is not liable.

11. The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts the plaintiff's state law claims against Yellow.

12. The Bill of Lading contract further required that as a condition precedent to recovery, claims must be filed in writing with the carrier within nine (9) months after delivery of the shipment or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied. In the event plaintiff's claim on the shipment that is the subject of its Complaint was insufficient or defective or was not filed within the above-described time limits, then it is barred from any recovery in this action.

13. In the alternative, if Plaintiff's claims are not governed by the Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, the Ocean Bill of Lading may be the applicable contract of carriage between the parties and the Ocean Bill of Lading may include certain provisions, including limitations of liability, that may apply in this case.

14. In the alternative, if Plaintiff's claims are not governed by the Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, there may be other foreign laws, regulations, treaties or doctrines that may include limitations of liability, exclusive jurisdiction clauses and/or

exclusive venue provisions that may apply in this case and which may dictate dismissal of this Complaint pursuant thereto.

15. Yellow reserves the right to plead any additional defenses as they become known through discovery in this case.

16. The Complaint should be dismissed under the doctrine of *forum non conveniens* because it was filed in an inconvenient forum.

**WHEREFORE**, defendant requests judgment dismissing with prejudice Plaintiff's Complaint and awarding defendant Yellow its reasonable attorneys' fees and costs in this action.

Respectfully submitted,

NOWELL AMOROSO KLEIN BIERMAN, P.A.

S/ William D. Bierman
William D. Bierman
155 Polifly Road
Hackensack, New Jersey 07601
Telephone:    (201) 343-5001
Facsimile:    (201) 343-5181
E-mail: wbierman@nakblaw.com
*Attorneys for Yellow Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served via United States mail, postage prepaid, this 6th day of November, 2007, upon:

Thomas E. Willoughby
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
Telephone: (212) 669-0600
*Attorney for Plaintiff*
*Osborn Metals Limited*

S/ William D. Bierman
William D. Bierman

4